IN THE UNTED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Justin Giffing,** : | |
| : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | C.A. No. ____ |
| : | |
| : | |
| **APPOQUINIMINK SCHOOL DISTRICT and** : | |
| **NICOLE VENERESO,** : | |
| : | **Trial By Jury Demanded** |
| : | |
| : | |
| : | |
| **Defendants.** : | |

**COMPLAINT[1]**

1. This is a case regarding childhood sexual abuse by an employee of Defendant, Appoquinimink School District. In 2015-2016, when he was thirteen years old, Plaintiff Justin Giffing was sexually abused and harassed on multiple occasions by Nicole Venereso who was employed at the time by Defendant Appoquinimink School District. Defendant Appoquinimink School District is responsible for the abuse pursuant to *respondeat superior/vicarous liabilty*.

**I. THE PARTIES**

2. Plaintiff Justin Giffing is currently a resident of Delaware. At the time he was sexually abused and harassed, he was thirteen years old.

3. Appoquinimink School District is a political subdivision in the State of Delaware.

---

1 All allegations are made upon information and belief unless otherwise stated.

1

4. Defendant Nicole Venereso resides at 53 AUSTIN Street, Portsmouth, NH 03801-4307.

## II. FACTS GIVING RISE TO THE ACTION

### A. Agency

5. At all times relevant hereto, Venereso was employed by the Defendant Appoquinimink School District as a music teacher in Everett Meredith Middle School in the Appoquinimink School District. Without the organization's authorization and approval, she could not operate as an employee within the organization.

6. At all times and in all matters relevant hereto, Appoquinimink School District was the principal of its agent Venereso. The organization manifested an intention that Venereso become its agent and act on its behalf. Venereso was empowered by Appoquinimink School District to perform duties and functions undertaken on its behalf. Venereso accepted and consented to serve and act on its behalf as its agent. Venereso consented to be subject to the organization's control.

7. All acts, if any, initially done outside the scope of that consent were ratified, affirmed, adopted, acquiesced in, and not repudiated by defendants. Such acts were enabled by the agency relationship.

8. Venereso's actions were of the kind defendants expected her to perform. Her conduct was not unexpected by defendants. Her actions occurred substantially within the authorized time and space limits placed upon her by defendants. Venereso was actuated at least in part by a purpose to serve defendants.

9. Venereso's contacts with plaintiff were made pursuant to her routine and regular job duties.

10. Venereso was able to have coercive power to abuse the minor Plaintiff as a result of her agency and employment with Appoquinimink School District .

11. Appoquinimink School District had a non-delegable duty to protect Plaintiff from sexual abuse and harassment by its employees while in its care.

### B.  Causation

12. The actions of defendants were the proximate cause of separate and distinct immediate and long term injuries and conditions which plaintiffs suffered and continues to suffer. The actions of each defendant played a determinative role in these injuries.

### C.  Sexual Abuse, and Harassment, of Plaintiff

13. Justin Giffing started the fall of 2015 as an eighth grade student at Appoquinimink School District's Everett Meredith Middle School.

14. He played the viola in the Orchestra.

15.  His orchestra teacher was Defendant Venereso.

16. Justin Giffing respected, trusted, and cared for Defendant Venereso.  She manipulated that trust and respect into using him for her sexual satisfaction.  He was vulnerable and naïve and she used that to manipulate and coerce him into a sexual relationship.

17. Justin Giffing asked for Defendant Venereso's phone number to inquire about private lessons.

18. Venereso gave Justin private viola lessons in her classroom multiple times during enrichment time, during which time she engaged in sexual solicitation and sexual grooming of him.

19. Veneroso and Giffing talked on the phone nearly every night, in addition to communicating using video chat. She engaged in phone sex with him during these talks.

20. Venerso kissed Justin in her office at Appoquinimink School District.

21. Venereso sent Justin sexually explicit photos and videos via telephone and computer, and requested sexually explicit pictures of him, as well.

22. In many text messages, Veneroso described sexual fantasies to Plaintiff.

23. Venereso's conduct constituted engagement in child pornography, sexual solicitation of a minor child, sexual abuse of a child by a person in position of trust, providing obscenity to a child, criminal solicitation and endangering the welfare of a child.

### D. Injuries

24. Plaintiffs' separate and distinct immediate and long-term injuries and conditions, which were the result of sexual abuse and harassment include, but are not limited to, physical and emotional pain and distress, fear, fright, shame, humiliation, anger, loss of enjoyment of life, embarrassment, upon information and belief, anxiety and/or depression, monetary expenses, and other temporary or permanent personal injuries.

**COUNT I (Assault and Battery – Venereso and Appoquinimink School District )**

25. Plaintiffs repeats and realleges the allegations in the foregoing paragraphs as set forth above.

26. The acts of Venereso toward plaintiffs are crimes in Delaware. They also constitute civil assault and battery.

27. Venereso and Appoquinimink School District, pursuant to respondeat superior and vicarious liability, are legally responsible for these torts.

28. Venereso clearly used her position with Appoquinimink School District , which was to teach students music, to perpetrate her sexual abuse of plaintiff. Without her employment she would not have had access to the plaintiff when she abused and harassed him. Because of her authority at Appoquinimink School District , she had coercive power over minors.

29. Further Appoquinimink School District had a non-delegable duty to safeguard its students from harm while in its care.

30. Therefore, Pursuant to Restatement (Second) of Agency, § 219(c) and (d) Appoquinimink School District is therefore responsible for her actions towards the minor plaintiff.

31. The actions of Venereso were willful, wanton or oppressive and merit an award of punitive damages.

32. Plaintiffs' right to be free of assault and battery under the common law of the State of Delaware has been denied by Venereso and Appoquinimink School District

**COUNT II – (Intentional Infliction of Emotional Distress- Venereso and Appoquinimink School District )**

33. Plaintiffs repeat and reallege the foregoing paragraphs.

34. The conduct of Defendant Venereso towards Plaintiff, as described herein, was outrageous and extreme.

35. A reasonable person would not expect or tolerate the sexual abuse and harassment of the Plaintiff by Defendant.

36. Defendant's conduct was intentional and/or malicious and was done for the purpose of causing or with substantial certainty that Plaintiff would suffer humiliation, mental anguish, and emotional or physical distress.

37. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer pain and suffering, including, but not limited, to anxiety, depression, embarrassment, and emotional distress.

38. The Plaintiff's right to be free of the emotional distress intentionally inflicted by Defendant has been denied in violation of the common law of the State of Delaware and the Act.

39. The actions of Defendant were intentional and/or malicious and merit an award of punitive damages.

40. Defendant Appoquinimink School District is responsible for the conduct of Venereso through respondeat superior and/or vicarious liability.

**COUNT III (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS-
Venereso and Appoquinimink School District )**

41. Plaintiffs repeat and reallege the foregoing paragraphs.

42. Defendant Venereso acted negligently in that he knew or should have known that his conduct toward Plaintiff would be offensive to her, and that she would suffer emotional distress thereby.

6

43. As a direct and proximate result of the conduct of Defendant, Plaintiff suffered the injuries and losses set forth above.

44. The Plaintiff's right to be free of the emotional distress negligently inflicted by Defendant has been denied in violation of the common law of the State of Delaware and the Act.

45. Defendant Appoquinimink School District is responsible for the conduct of Venereso through respondeat superior and/or vicarious liability.

## COUNT IV
## 18 U.S.C.S. § 2255

46. Plaintiffs repeat and reallege the foregoing paragraphs.

47. Plaintiff was a victim of a violation of, inter alia, 18 U.S.C.S. § 2251.

48. Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title [18 USCS § 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423] and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

49. Defendant Venereso is liable to Plaintiff under 18 U.S.C.S. § 2255.

WHEREFORE, Plaintiffs demand judgment against the Defendants for such sums, including, but not limited to prejudgment interest, as would be necessary to compensate the

Plaintiffs for the injuries they suffered and Plaintiff's parents for the injuries she suffered associated with payment of her daughter's medical bills.

**Wherefore**, Plaintiffs pray that the Court:

(a) Enter judgment against the Defendants, jointly and severally.

(b) Enter a judgment against the Defendants jointly and severally for compensatory and punitive damages.

(c) Enter a judgment against the Defendants for costs and pre and post judgment interest.

(d) Require such other and further relief as the Court deems just and proper under the circumstances.

**JACOBS & CRUMPLAR, P.A.**

/s/ Raeann Warner
**RAEANN WARNER, ESQ. (#4931)**
750 Shipyard Dr., Suite 200
Wilmington, DE 19801
(302) 656-5445
Raeann@jcdelaw.com

Dated: April 25, 2023         *Attorney for the Plaintiff*