IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUSTIN GIFFING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-457 (MN) |
| | ) |
| APPOQUINIMINK SCHOOL DISTRICT | ) |
| and NICOLE VENERESO, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Raeann Warner, COLLINS, PRICE & WARNER., Wilmington, DE – Attorney for Plaintiff

Michael P. Stafford, Jennifer M. Kinkus, YOUNG CONAWAY STARGATT & TAYLOR, L.L.P., Wilmington, DE – Attorneys for Defendant Appoquinimink School District

December 19, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Presently before the Court is Defendant Appoquinimink School District's ("the District") Motion to Dismiss ("the Motion") (D.I. 10) the three claims brought against it by Plaintiff Justin Giffing ("Plaintiff"). For the reasons set forth below, the Court GRANTS the Motion.

**I.     BACKGROUND**

Plaintiff attended eighth grade at the District's Everett Meredith Middle School during the 2015-16 academic year. (D.I. 11 at 6). He played viola in the school orchestra and took private viola lessons from Defendant Nicole Veneroso ("Veneroso")[1], then a music teacher employed by the District. (D.I. 11 at 6; D.I. 1 at 2). Plaintiff's complaint alleges that Veneroso sent him sexually explicit photos and text messages, requested explicit photos of him, engaged in phone sex with Plaintiff, and kissed Plaintiff in her District office. (D.I. 1 at 4). At the time, Plaintiff was thirteen years old. (D.I. 11 at 6).

Plaintiff filed his Complaint in this Court on April 25, 2023. (D.I. 1 at 1). It includes three state-law tort claims – assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress – against both Veneroso and the District. (D.I. 1 at 2-7). Plaintiff's complaint also includes a claim against only Veneroso under 18 U.S.C § 2255. This statute provides a civil cause of action for individuals who suffer violations of 18 U.S.C § 2251(a) as minors. 18 U.S.C § 2255(a). Plaintiff argues that Veneroso's actions violated § 2251(a), which prohibits "coerc[ing] any minor to engage in . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct," thereby giving him a right of action under § 2255(a). (D.I. 1 at 7).

---

[1]   The complaint incorrectly spells Ms. Veneroso's last name as Venereso. The Court will use the proper spelling of Ms. Veneroso's last name. (*See* D.I. 8, Ex. A).

On June 16, 2023, the District filed the instant motion, seeking dismissal of the three state-law tort claims Plaintiff has brought against it. (D.I. 10 at 1). The Motion has now been fully briefed. (D.I. 11, 14, 16). The District's opening brief (D.I. 11) argues: (1) that Plaintiff cannot hold the District liable for Veneroso's three alleged state-law torts on a *respondeat superior* theory (D.I. 11 at 9-14); (2) that Plaintiff's complaint is barred by the statute of limitations (D.I. 11 at 15-19); and (3) that Plaintiff's three state-law tort claims did not properly invoke this Court's supplemental jurisdiction. (D.I. 11 at 20-22). Plaintiff's response in opposition (D.I. 14) disputes the District's *respondeat superior* and statute-of-limitations arguments, (D.I. 14 at 8-13), but not its supplemental-jurisdiction argument.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Twombly*, 550 U.S. at 555-56. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997);

*Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). The court's review is limited to the allegations in the complaint, exhibits attached to the complaint, and documents incorporated by reference. *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362 (D. Del. 1988).

### III.     DISCUSSION

Plaintiff has brought three state-law tort claims against both the District and Veneroso, and a federal claim for civil damages against Veneroso. (D.I. 1 at 5-8). The District's opening brief argues that this Court can and should decline to exercise supplemental jurisdiction over Plaintiff's three state-law claims against the District. (D.I. 11 at 21-22). In particular, the brief argues that these claims "implicate a myriad of evidentiary issues" compared to the federal law claim against Veneroso, and that "Plaintiff attempts to impose upon the Court what is in effect a state law case against the District." (D.I. 11 at 22). For these reasons, the brief contends that Plaintiff's state-law claims against the District "'substantially predominate' over the single federal claim directed solely at Defendant Venereso [sic]," (D.I. 11 at 21) (quoting 28 U.S.C. § 1367(c)(2)), and "the hallmark considerations of 'judicial economy, convenience, and fairness to litigants' dictate that the state tort claims be dismissed for lack of subject matter jurisdiction" over these claims. (D.I. 11 at 22) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715 at 727 (1966)).

Plaintiff's response makes no attempt to rebut this argument. (D.I. 14). "Accordingly," the District's reply brief argues, "this case should be dismissed as to the District in its entirety

because the only potentially viable claims asserted [against the District] are state tort claims and Plaintiff has abandoned his argument for supplemental jurisdiction over those claims." (D.I. 16 at 5).

This Court agrees. "[W]hen a responding party fails to defend against an issue which is the subject of a motion, courts consistently construe the failure to respond as an abandonment of the issue or a concession that the moving party is correct." *In re Wilmington Trust Securities Litigation*, C.A. No. 10-990-SLR-SRF, 2017 WL 2467059 at *2 (D. Del. June 7, 2017) (citing *Blakeman v. Freedom Rides, Inc.*, C.A. No. 12-416-LPS-CJB, 2013 WL 3503165 at *13 (D. Del. July 10, 2013)). In keeping with this precedent, the Court will construe Plaintiff's failure to respond as a concession that the District is correct, and that the Court should not exercise supplemental jurisdiction over Plaintiff's three state-law claims against the District. Plaintiff has not identified any other basis for subject-matter jurisdiction over these claims. (D.I. 1, 14). Without subject-matter jurisdiction the Court must dismiss Plaintiff's three claims against the District. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (quoting Federal Rule of Civil Procedure 12(h)(3))("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").[2]

---

[2]     Dismissal is authorized by Rule 12(b)(1) of the Federal Rules of Civil Procedure (lack of subject-matter jurisdiction), rather than Rule 12(b)(6) (failure to state a claim on which relief can be granted). The District's failure to mention Rule 12(b)(1) in its motion does not bar the Court from granting that motion on these grounds. "The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh*, 546 U.S. at 506. Moreover, a challenge to subject-matter jurisdiction "that is based 'purely on the sufficiency of the allegations in the complaint'. . . is reviewed under the same standard as a Rule 12(b)(6) motion" to dismiss for failure to state a claim. *Harrison v. Soroof International, Inc.*, 320 F.Supp.3d 602, 610 (D. Del. 2018) (quoting *Arneault v. Diamondhead Casino Corp.*, 277 F.Supp.3d 671, 675 (D. Del. 2017)).

**IV.     CONCLUSION**

For the foregoing reasons, the District's Motion to Dismiss (D.I. 10) is GRANTED.  An appropriate order will follow.